[No. A051541. First Dist., Div. Five. July 25, 1991.]

JOSEPH M. BELTH, Plaintiff and Appellant, v.
JOHN GARAMENDI, as Insurance Commissioner, etc., Defendant and
Respondent.

COUNSEL

Robert C. Fellmeth and Carl K. Oshiro for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Timothy G. Laddish, Assistant Attorney General and Richard F. Finn, Deputy Attorneys General, for Defendant and Respondent.

OPINION

KING, J.—In this case we hold that Government Code section 6259, subdivision (d), mandates an award of court costs and reasonable attorney fees to a plaintiff who prevails in litigation filed under the California Public Records Act. We further hold that the plaintiff has prevailed within the meaning of the statute when he or she files an action which results in defendant releasing a copy of a previously withheld document.

Joseph M. Belth appeals from an order denying his request for statutory attorney fees in connection with Public Records Act litigation against then-Insurance Commissioner Roxani M. Gillespie (Commissioner).

Belth is a professor of insurance at Indiana University School of Business and editor of The Insurance Forum, a monthly industry periodical. On April

13, 1990, under the California Public Records Act (Gov. Code, § 6250 et seq.), Belth requested from the Department of Insurance (Department) copies of seven sets of documents regarding Executive Life Insurance Company. On April 19, the Department denied his request, stating that as to item 1, "the Insurance Commissioner has determined that these documents are confidential and, therefore, not open to public inspection, in accordance with California Insurance Code Section 1215.7," and with regard to items 2 through 7, "we deem these documents to be confidential, pursuant to Government Code Section 6254 and Insurance Code Section 12919, since they were received as part of information collected during a special examination by the Department on Executive Life Insurance Company."

On September 10, Belth petitioned for a writ of mandate compelling the commissioner to provide him with the information in item 1 of his original request, i.e., "all documents reflecting her approval of the $45 million repayment by Executive Life Insurance Company to its parent First Executive Corporation," as well as reasonable attorney fees and costs. (Gov. Code, § 6259.) After the trial court issued an alternative writ, the Commissioner filed a return in which she averred that "the subject documents have been provided to petitioner . . . because Executive Life Insurance Company consented to the waiver of the[ir] statutory confidentiality," opposed Belth's attorney fee request, and asked that the Department be awarded attorney fees on the grounds that Belth's request was "clearly frivolous." (Gov. Code, § 6259.) After a hearing, the trial court issued an order denying both attorney fee requests.

Subdivision (d) of Government Code section 6259 provides, "The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section." Belth maintains he prevailed in this litigation by obtaining the requested documents. The Commissioner responds that the threshold question is whether the statutory provision is mandatory or discretionary.

## A.

"'Shall' is mandatory and 'may' is permissive." (Gov. Code, § 14.) "Ordinary deference to the Legislature entails that when in a statute it uses a term which it has defined as a word of art the term be given its legislatively defined meaning by the courts. Such, however, is not always the case in the use of the word 'shall.'" (*Governing Board* v. *Felt* (1976) 55 Cal.App.3d 156, 161 [127 Cal.Rptr. 381].) "The use of the word 'shall' does not in every instance require that the language be construed as mandatory. Whether the word 'shall' occurring in a code section is to be construed to be mandatory or directory depends upon the intention of the Legislature." (*People* v.

*Superior Court* (1970) 3 Cal.App.3d 476, 485-486 [83 Cal.Rptr. 771].) "The definition of 'shall' as mandatory in the pertinent provision of the [Government] Code itself requires that absent some indication that the statutory definition was not intended, it must be applied." (*Governing Board* v. *Felt, supra,* 55 Cal.App.3d at p. 163, citation omitted.)

■ There is no such indication in this case. On the contrary, all the evidence suggests the Legislature intended subdivision (d) to be mandatory. The attorney fee provision was added to section 6259 in 1975 as part of Assembly Bill No. 23. (Stats. 1975, ch. 1246, § 9, p. 3212.) The Legislative Counsel's Digest of Assembly Bill No. 23 (2 Stats. 1975 (Reg. Sess.) Summary Dig., p. 345) states, "In addition, this bill would, with respect to both the Legislative Open Records Act and the Public Records Act, require the award of court costs and reasonable attorneys' fees to a plaintiff who prevails in the action, and to the public agency when the court finds that the plaintiff's case is clearly frivolous." As the Supreme Court noted in *People* v. *Superior Court* (*Douglass*) (1979) 24 Cal.3d 428, 434 [155 Cal.Rptr. 704, 595 P.2d 139], it is reasonable to presume the Legislature amended this section with the intent and meaning expressed in the Legislative Counsel's Digest. Furthermore, the Department of Finance Enrolled Bill Report (see *Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 219 [185 Cal.Rptr. 270, 649 P.2d 912] [Dept. of Finance Enrolled Bill Rep. as source of legislative history]) similarly states that Assembly Bill No. 23 "[r]equires the superior court to award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in the litigation."

Accordingly, in *San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 781-782 [192 Cal.Rptr. 415], the court issued a writ of mandate directing an award of costs and reasonable attorney fees, "[s]ince Government Code section 6259 mandates an award of costs and fees to a prevailing plaintiff in litigation pursuant to the Public Records Act (§ 6250 et seq.)."[1] The Commissioner's reliance on *Braun* v. *City of Taft* (1984) 154 Cal.App.3d 332 [201 Cal.Rptr. 654], is misplaced as the issue of whether the attorney fee provision is mandatory or discretionary did not arise in that case. Rather, the court held plaintiff's action was "not the type of litigation envisioned in section 6259." (*Id.* at p. 349.) It is abundantly clear that, where applicable, section 6259, subdivision (d), is mandatory.

---

[1]Noting that the Tribune had sought attorney fees under Government Code section 54960.5 (the Brown Act), the court said, "In addition, costs and reasonable attorney fees may be awarded pursuant to section 6259[13] . . . ." (143 Cal.App.3d at p. 781, fn. omitted.) Contrary to the Commissioner's suggestion, in this context "may" indicates discretion in the choice of applicable statute not in making the award, as shown by the italicization of "shall" in footnote 13's quotation of section 6259's attorney fee provision.

B.

█  Whether subdivision (d) is applicable here depends on what it means to "prevail in litigation." While no reported case has construed the phrase in this context, many courts have interpreted similar language in Code of Civil Procedure section 1021.5.[2]

"Case law takes a pragmatic approach in defining 'prevailing' or 'successful' party within the meaning of section 1021.5." (*Sagaser* v. *McCarthy* (1986) 176 Cal.App.3d 288, 314 [221 Cal.Rptr. 746].) "In order to justify a fee award, there must be a causal connection between the lawsuit and the relief obtained." (*Wallace* v. *Consumers Cooperative of Berkeley, Inc.* (1985) 170 Cal.App.3d 836, 844 [216 Cal.Rptr. 649].) "However, a plaintiff need not achieve a favorable final judgment in order to be a successful party. A defendant's voluntary action induced by plaintiff's lawsuit will still support an attorneys' fee award on the rationale that the lawsuit spurred defendant to act or was a catalyst speeding defendant's response." (*Californians for Responsible Toxics Management* v. *Kizer* (1989) 211 Cal.App.3d 961, 967 [259 Cal.Rptr. 599], citations omitted.) "The critical fact is the impact of the action, not the manner of its resolution." (*Folsom* v. *Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685 [186 Cal.Rptr. 589, 652 P.2d 437].) "A plaintiff should not be denied attorney's fees because resolution in the plaintiff's favor was reached by settlement, through the defendant's voluntary cessation of the unlawful practice or because the lawsuit was resolved on a preliminary issue obviating the adjudication of other issues." (*California Common Cause* v. *Duffy* (1987) 200 Cal.App.3d 730, 742 [246 Cal.Rptr. 285], citations omitted.) "If plaintiff's lawsuit 'induced' defendant's response or was 'material factor' or 'contributed in a significant way' to the result achieved then plaintiff has shown the necessary causal connection." (*Californians for Responsible Toxics Management* v. *Kizer, supra,* 211 Cal.App.3d at p. 967, citations omitted.) A plaintiff is considered the prevailing party if his lawsuit motivated defendants to provide the primary relief sought or activated them to modify their behavior (*California Common*

---

[2]Code of Civil Procedure section 1021.5, provides that under three specified circumstances, a court may award attorney fees to a successful party in an action resulting in the enforcement of an important right affecting the public interest. It is a codification of the common law private attorney general doctrine which "rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible." (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 933 [154 Cal.Rptr. 503, 593 P.2d 200].) Similarly, "Section 6259 was enacted to carry out the purposes of the California Public Records Act. Through the device of awarding attorney fees, citizens can enforce its salutary objectives." (*Braun* v. *City of Taft, supra,* 154 Cal.App.3d at p. 349.)

*Cause* v. *Duffy, supra,* 200 Cal.App.3d at p. 741), or if the litigation substantially contributed to or was demonstrably influential in setting in motion the process which eventually achieved the desired result (*Wallace* v. *Consumers Cooperative of Berkeley, Inc., supra,* 170 Cal.App.3d at pp. 845-846). " 'The appropriate benchmarks in determining which party prevailed are (a) the situation immediately prior to the commencement of suit, and (b) the situation today, and the role, if any, played by the litigation in effecting any changes between the two.' " (*Folsom* v. *Butte County Assn. of Governments, supra,* 32 Cal.3d at p. 685, fn. 31, citation omitted.)

In this case, the Commissioner initially refused Belth's request for documents she claimed were confidential. After he filed a writ petition, she obtained Executive Life's consent to disclosure of the documents and released them to Belth. It is undisputed that she took this initiative in response to, and in hopes of resolving this litigation.

Nevertheless the Commissioner insists Belth did not "prevail in litigation" because the documents were produced by virtue of Executive Life's consent to their disclosure rather than by a judicial determination they were not confidential, or by a change in her position on that issue. She cites no authority for requiring Belth to prove he would have prevailed on the merits. A successful party under section 1021.5, one whose lawsuit resulted in the relief he sought, must show at most that his claim was not frivolous, unreasonable or groundless. (*Wallace* v. *Consumers Cooperative of Berkeley, Inc., supra,* 170 Cal.App.3d at p. 844.) The trial court necessarily concluded Belth's claim was not frivolous in denying the Commissioner's attorney fee request.[3]

As to her second point, while the Commissioner may not have changed her legal position on the issue of confidentiality, she did change her position on Belth's request by turning over documents she had previously withheld. She accomplished this by seeking and obtaining Executive Life's consent to disclosure which, apparently, she had neglected to do before Belth filed suit. She warns that if attorney fees are awarded on this basis, "no agency, once a public records action had been commenced, would *ever* turn over documents absent a court order." (Italics in original.) That is one way to look at it. Another is that awarding fees in a case like this will encourage public agencies to consider seeking consent for disclosure of possibly confidential records *before* refusing requests for access. This would further the Public Records Act's objective of increasing freedom of information. (*Los Angeles Police Dept.* v. *Superior Court* (1977) 65 Cal.App.3d 661, 668 [135 Cal.Rptr. 575].)

---

[3]"If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency." (Gov. Code, § 6259, subd. (d).)

Contrary to the Commissioner's assertion, this case differs factually from *Braun* v. *City of Taft, supra,* 154 Cal.App.3d 332, where attorney fees were denied because "plaintiff received the documents through another avenue." There plaintiff had been given access to personnel records in his capacity as a member of the city council before his request for copies of the documents was refused. Thus, "he was in no way injured or hampered in his attempts to publicize" a perceived irregularity in the appointment of a transit administrator. (*Id.* at pp. 338, 349.) The cases might be considered "not that different" if Belth had been given access to the documents by Executive Life before the Insurance Commissioner refused his request for copies, thus enabling him to publicize perceived irregularities in Department of Insurance regulation of Executive Life. This, of course, is not what happened.

The matter is remanded with directions to vacate the order and enter an order awarding Belth costs and reasonable attorney fees in the writ proceeding and on appeal.

Low, P. J., and Haning, J., concurred.