[No. A105000. First Dist., Div. Four. July 20, 2005.]

MARIE BOWMAN et al., Plaintiffs and Respondents, v.
CITY OF BERKELEY, Defendant and Appellant;
AFFORDABLE HOUSING ASSOCIATES, Real Party in Interest and
Appellant.

174

**COUNSEL**

Manuela Albuquerque and Zach Cowan, City Attorneys, for Defendant and Appellant.

Shute, Mihaly & Weinberger, Ellen J. Garber, Marc B. Mihaly and Jenny K. Harbine for Real Party in Interest and Appellant.

Brandt-Hawley Law Group, Susan Brandt-Hawle and Paige J. Swartley for Plaintiffs and Respondents.

**OPINION**

**KAY, P. J.**—The City of Berkeley and Affordable Housing Associates (AHA; AHA and the City of Berkeley are hereafter referred to collectively and severally as the City) appeal from postjudgment orders awarding Marie Bowman (Bowman) et al. (the Neighbors) a portion of their attorney fees and costs in this mandamus action. The fees and costs in question were incurred in setting aside the City's approval of a housing project on due process grounds. We hold that it was not an abuse of discretion to award the fees and costs, even though the project was ultimately re-approved over the Neighbors' objection, and they were otherwise unsuccessful in their suit. We therefore affirm the orders.

## I. BACKGROUND

The panel is familiar with the background of this matter from the prior appeal in the case. The Neighbors' mandate petition sought, among other things, to overturn the City's approval of a housing project for senior citizens. As recounted in our prior opinion, the petition was successful in vacating the original approval of the project. (*Bowman v. City of Berkeley* (2004) 122 Cal.App.4th 572, 579 [18 Cal.Rptr.3d 814].) The court found that the Neighbors did not receive a fair hearing when the project was first approved.

Based on this due process violation, the court granted the petition in part, ordered the approval voided, remanded to the City for a further hearing, and reserved other issues for determination after return of the writ. The project was once again approved at a new city council meeting and the matter was returned to the trial court, whereupon the balance of the petition was denied and judgment was entered against the Neighbors. We affirmed the judgment on appeal. (*Id.* at p. 594.)

After the court filed its order denying the petition following return of the writ, the Neighbors moved for attorney fees under the private attorney general statute (Code Civ. Proc., § 1021.5 [hereafter section 1021.5].) The motion was supported by invoices showing that the Neighbors had been billed $96,592, and had paid $89,696.50, for legal services in the case. The Neighbors also submitted a memorandum of costs in the amount of $5,761.37. The City opposed the motion for fees and moved to tax costs. The court determined that the Neighbors were entitled to fees and costs incurred in connection with the due process issue litigated at the outset of the case, and awarded them $17,314.35 in fees and $979.00 in costs.

## II. DISCUSSION

A. *Issues and Scope of Review*

■    Attorney fees are recoverable under section 1021.5 (1) by a successful party, (2) in an action that has resulted in the enforcement of an important right affecting the public interest, (3) if a significant benefit has been conferred on the general public or a large class of persons, and (4) the necessity and financial burden of private enforcement are such as to make the award appropriate. The statute's purpose is to encourage public interest litigation that might otherwise be too costly to pursue. (*Families Unafraid to Uphold Rural El Dorado County v. Board of Supervisors* (2000) 79 Cal.App.4th 505, 511 [94 Cal.Rptr.2d 205].)

The City does not dispute that this case involved enforcement of an important right affecting the public interest. (See *San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino* (1984) 155 Cal.App.3d 738, 754 [202 Cal.Rptr. 423] [important public rights are at stake in litigation to enforce the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.) and compliance with planning and zoning laws].) However, the City submits that the other three prerequisites for the award— the successful party, significant benefit, and private burden requirements—are not satisfied.

■    "The trial court is to assess the litigation realistically and determine from a practical perspective whether [the statutory] criteria have been met."

(*Families Unafraid to Uphold Rural El Dorado County v. Board of Supervisors,* *supra,* 79 Cal.App.4th at p. 511.) Rulings under section 1021.5 are reviewed for abuse of discretion. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 578 [21 Cal.Rptr.3d 31, 21 Cal.Rptr.3d 331].) The questions are whether the court applied the proper legal standards under section 1021.5 and, if so, whether the result was within the range of the court's discretion (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1298 [255 Cal.Rptr. 704]), i.e., whether there was a reasonable basis for the decision (*Westside Community for Independent Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 355 [188 Cal.Rptr. 873, 657 P.2d 365]).

B. *Successful Parties*

The City contends that the Neighbors cannot be deemed to be "successful parties" because they did not achieve their primary litigation aims. There is no question that the Neighbors' case was largely unsuccessful. They prevailed on only one of the six causes of action in their mandate petition: the one that alleged that they did not receive a "fair trial" at the May 28, 2002 city council meeting where the project was originally approved. They lost on the other five causes of action, which alleged that an environmental impact report (EIR) was required for the project, that the City's general plan was invalid, that the project was inconsistent with the general plan, that the project violated city planning and zoning ordinances, and that the city did not follow the procedure specified in those ordinances when it approved the project. The City asserts that "the only relief [the Neighbors] did obtain—new hearing—as not even requested in their prayer" of the petition. But while it is true that the Neighbors' prayer did not specifically mention a new hearing, it did expressly request that the May 28, 2002 project approval be set aside. That approval was rescinded pursuant to the court order that returned the matter to the City for a new hearing. Thus, it is incorrect to say that the Neighbors obtained none of the relief they sought.

The City is also incorrect to claim that the court could not award attorney fees for that partial success. It is well settled that partially successful plaintiffs may recover attorney fees under section 1021.5. (See 1 Manaster & Selmi, Cal. Environmental Law & Land Use Practice (2005) § 13.10(3)(b), pp. 13–18 and cases cited; Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 2d ed. 2004) § 2.19, pp. 49–50 and cases cited.) " '[A] party need not prevail on every claim presented in an action in order to be considered a successful party within the meaning of the section. [Citations.]' (*Wallace v. Consumers Cooperative of Berkeley, Inc.* (1985) 170 Cal.App.3d 836, 846 [216 Cal.Rptr. 649].) Rather, 'when a plaintiff is successful within the meaning of the section, the fact that he or she has prevailed on some claims but not on others

is a factor to be considered in determining the amount of the fee awarded.' " (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1019 [113 Cal.Rptr.2d 625].)

The City's argument that the Neighbors cannot be considered successful parties because they did not accomplish their "primary" litigation aims is based on language in "catalyst" cases, where the issue is whether a party who has not obtained any judicial relief is nevertheless entitled to fees. (See generally *Graham v. DaimlerChrysler Corp., supra,* 34 Cal.4th at p. 560 [fees can be awarded in that situation if the defendant has changed its behavior as sought in the litigation].) In such cases, "an award of attorney fees may be appropriate where 'plaintiffs' lawsuit was a catalyst motivating defendants to provide the *primary* relief sought . . . .' " (*Westside Community for Independent Living, Inc. v. Obledo, supra,* 33 Cal.3d at p. 353, italics added and deleted.) This, however, is not a "catalyst" case. The City vacated the original project approval under the compulsion of a court order the Neighbors obtained.

■ The "successful party" concept is not as narrow as the City suggests. In order to effectuate the purpose of section 1021.5, courts "have taken a broad, pragmatic view of what constitutes a 'successful party.' " (*Graham v. DaimlerChrysler Corp., supra,* 34 Cal.4th at p. 565.) A "successful" party means a "prevailing" party (*id.* at p. 570), and " ' "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on *any* significant issue in litigation which achieves *some* of the benefit the parties sought in bringing suit." ' " (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1292 [240 Cal.Rptr. 872, 743 P.2d 932], italics added.) The City argues that the Neighbors achieved only a " 'transitory and a token victory' " by prevailing on the due process issue. (*Id.* at p. 1290; see, e.g., *Hull v. Rossi* (1993) 13 Cal.App.4th 1763, 1769 [17 Cal.Rptr.2d 457] [petitioner had only minor success].) The court found to the contrary that the Neighbors' "early due process victory was not undermined by the failure to prevail on the remaining issues." The court regarded the due process problem as significant because "removal of the due process infirmity was key to the Court being able to fully consider the remaining issues raised by petitioners." The significance of the due process issue was a matter for the trial court's judgment, and we find no cause to disturb its exercise of that discretion.

In support of a contrary conclusion, the City cites language in *Miller v. California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 458 [222 Cal.Rptr. 225] to the effect that "procedural success during the course of litigation is insufficient to justify attorneys' fees," but the brief leaves out the rest of the sentence: "where the ruling is later vacated or reversed on the merits." The order for which fees were awarded here was not vacated or reversed, it was carried out. The court in *Urbaniak v. Newton* (1993) 19

Cal.App.4th 1837, 1844 [24 Cal.Rptr.2d 333], on which the City also relies, observed that "[a]lthough a case need not be completely final prior to an award of section 1021.5 fees, the benefit obtained must be 'secure' before the fees may be awarded." However, this is not a case like *Urbaniak*, in which fees were sought after a summary judgment was reversed, but before a trial on the merits, where no issue had been finally resolved. Here, the Neighbors' success on their due process claim was complete when the fees were awarded. Nor is this case at all comparable to *Miller*, where the plaintiffs had the "chutzpah" to seek attorney fees after a judgment in their favor was reversed on appeal. (*Miller v. California Com. on Status of Women, supra*, at p. 455.)

The situation here is analogous to the one in *National Parks & Conservation Assn. v. County of Riverside* (2000) 81 Cal.App.4th 234 [96 Cal.Rptr.2d 576], where the petitioner successfully argued that an EIR was inadequate, the court ordered that the writ petitions be granted, and retained jurisdiction to determine whether a new EIR complied with CEQA. At that point, the petitioner, "as the prevailing party," moved for attorney fees and costs, and the motion was settled between the parties. (81 Cal.App.4th at p. 237.) Petitioner then challenged the new EIR that was submitted as the return on the writs. The new EIR was upheld on appeal, and the appellate court ruled that the petitioner was entitled to no further fees. The petitioner argued "that in determining whether a party is 'successful' within the meaning of section 1021.5, a court must look at the case 'as a whole,' rather than success or failure at any particular stage," but the court found this principle to be "inapplicable" because the petitioner "had already obtained its recoverable fees for prevailing on the first writ." (*Id.*, at p. 239.) Similarly here, the court properly awarded "recoverable fees" to the Neighbors for causing the initial writ to be issued, despite the subsequent failure of their other causes of action.

## C. *Significant Benefit*

Section 1021.5 requires that the litigation confer a significant benefit on the general public or a large class of persons. The City argues that no one other than the Neighbors benefited from the new hearing the City was required to conduct on the project, and that the Neighbors received no benefit other than telephonic notice of the city council meeting following the remand. To understand this argument, it is necessary to briefly review how the project was originally approved.

When the project first came before the city council, the council referred the matter to mediation between the Neighbors and AHA. The matter was continued, while the mediation was ongoing, to the city council meeting on

May 28, 2002. At 3:05 p.m. on May 28, the mediator e-mailed the city council reporting on the status of the mediation. The e-mail described changes to the project that had been discussed, and advised that the parties had agreed to "submit any modified plan that may result from such discussions by 6/3/02." A city staff member left a phone message for Bowman that afternoon asking her to call him. Bowman called back twice and left messages stating that the mediator had given her the impression that she did not need to attend the city council meeting that night, but that she would attend if the council was going to go forward on the project. There was no evidence that these calls were returned, and none of the Neighbors appeared at the meeting.

A city council member expressed misgivings at the meeting about proceeding on the project in the Neighbors absence, and worried that "we can get ourselves into really serious trouble if . . . they were misled, feeling that nothing was going to happen tonight." However, staff advised that it had made "energetic efforts" to notify Bowman that the council might act on the project, and had "left a number of messages to let folks know" about the meeting. The council went on to approve the project without the Neighbors present.

In its order returning the matter to the City, the court found that, by approving the project at the May 28 meeting, the City improperly short-circuited the mediation before it had concluded. The court speculated that there could have been "some sort of miscommunication among City staff" that led to "an honest but mistaken belief" that adequate efforts had been made to contact the Neighbors about the meeting, but found that, contrary to what staff said at the meeting, those efforts "could not have been less energetic." To preclude any other such misunderstandings, the City evidently gave the Neighbors telephonic notice of the city council meeting following the remand, in addition to the notice otherwise required by law.

The City's contention that additional notice to the Neighbors was the only benefit that resulted from the due process litigation is belied by the record of what occurred after the matter was returned to the City. The remand resulted in a great deal of additional public input on the project, including substantial new written submissions, and oral statements to the city council, from city staff as well as proponents and opponents of the project. As the court noted in its attorney fee ruling, "both parties used the opportunity to supplement the administrative record to provide additional evidence intended to sway findings made by the council members."

The court thus reasonably rejected the City's "narrow characterization" of the impact of the remand. A significant benefit was likewise found in *Schwartz v. Rosemead* (1984) 155 Cal.App.3d 547, 558 [202 Cal.Rptr. 400],

where a CEQA action "secured the opportunity for a large number of fellow residents and affected property owners to voice their concerns and objections," and "permitted a large class of persons to contribute their input towards the City's ultimate decision." It was no abuse of discretion for the court to find that the Neighbors' due process litigation conferred a significant public benefit.

## D. *Private Burden*

■ Under the private burden prong of section 1021.5, fees are recoverable " 'when the cost of the claimant's legal victory transcends his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff "out of proportion to his individual stake in the matter." ' " (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 941 [154 Cal.Rptr. 503, 593 P.2d 200].) "If the enforcement of the public interest is merely 'coincidental to the attainment of . . . personal goals' [citation] or is 'self serving,' [citation], then this requirement is not met." (*California Common Cause v. Duffy* (1987) 200 Cal.App.3d 730, 750–751 [246 Cal.Rptr. 285].) The personal interests involved may "include specific, concrete, nonfinancial interests," such as "environmental or aesthetic interests." (*Families Unafraid to Uphold Rural El Dorado County v. Board of Supervisors, supra,* 79 Cal.App.4th at p. 514.) A party can thus be denied fees where the "primary purpose in bringing suit was to pursue and protect its own property rights rather than to further a significant public interest." (*Terminal Plaza Corp. v. City and County of San Francisco* (1986) 177 Cal.App.3d 892, 914 [223 Cal.Rptr. 379]; see also *Christward Ministry v. County of San Diego* (1993) 13 Cal.App.4th 31, 49 [16 Cal.Rptr.2d 435] [parties denied fees because " 'private interests . . . with reference to the use of their property' " were the "real basis" for the action].) However, a party can be expected to have some concrete personal interest in the issue being litigated (*Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 321, fn. 11 [193 Cal.Rptr. 900, 667 P.2d 704]), and a "so-called 'nimby' (not in my backyard) personal interest" in the outcome of the suit does not automatically preclude a fee award (*Families Unafraid to Uphold Rural El Dorado County v. Board of Supervisors, supra,* at p. 514, 516).

The City contends that the Neighbors' case cannot be distinguished from *Williams v. San Francisco Bd. of Permit Appeals* (1999) 74 Cal.App.4th 961 [88 Cal.Rptr.2d 565], where the plaintiff succeeded in overturning a permit to build an apartment building next door to his house. The trial court denied the plaintiff's application for fees and he appealed, arguing that he had no personal interest in the outcome of the litigation because the record showed that the proposed new structure would not diminish the value of his property. The appellate court rejected this argument and upheld the denial of fees,

concluding that the plaintiff had "strong personal *and* property" interests in preventing construction of the apartments. (*Id.* at p. 970.) Those interests included losses of light, views, air, privacy, and parking, and "the significant aesthetic loss which would result from the intrusion of something so completely out of architectural context as the proposed new structure." (*Id.* at p. 971.) The City notes that the Neighbors raised these same kinds of concerns with respect to the project in this case.

The petition herein was filed by seven people as individuals, two of whom live "directly adjacent" to the challenged project, five of whom live in "close proximity" to the project, and on behalf of the "Neighbors for Sensible Development for 2517 Sacramento Street," an unincorporated association of approximately 250 people residing "in proximity" to the project. Bowman's declaration in support of the fee motion indicated that approximately 40 "Berkeley citizens associated with Neighbors for Sensible Development" had contributed funds for the suit. It thus appears that only two of those who incurred liability for fees in the case may live next door to the project, and that the majority of those who contributed do not live in "close" proximity. Accordingly, while the Neighbors' personal interests in the project were similar to those of the plaintiff in *Williams*, they were as a whole far more attenuated.

Moreover, the thrust of the City's argument on the private burden test— that the Neighbors' "real concerns" were their personal interests in the project, rather than any matter of principle—is entirely unpersuasive in the context of the due process cause of action for which fees were awarded. The Neighbors have insisted that they were concerned as much with the process by which the City approved the project as with the project itself,[1] and the court could choose to credit their professed intentions if their credibility were at issue. But we do not think that a city that has deprived its residents of due process can avoid paying the fees they incurred to vindicate that right on the theory that they were really more interested in the underlying merits.

---

[1] Bowman averred in her declaration that "Petitioners were highly motivated on the heels of the May 28th travesty of justice to vindicate their right to due process. Petitioners were also motivated by the desire and determination to resist, for the benefit of the public, what we maintain is the City's blatant and repeated violation of state and local laws. [¶] Through this litigation Petitioners not only seek to prevent the Project from being built in its present design, we also seek to invoke change for the public's benefit. Specifically, Petitioners through this lawsuit seek to force the City of Berkeley to be more accountable and responsive to the legitimate inquiries and concerns of its citizens, and even more fundamentally, simply to abide by and enforce state and local laws that bear upon their decisions regarding development projects."

E. *Costs*

The City's contention with respect to costs is the same as the one it advances on the "successful party" test for the recovery of fees, namely that the Neighbors cannot be regarded as prevailing parties, even on the due process issue. We reject that argument for the reasons previously stated.

## III. DISPOSITION

The orders for fees and costs are affirmed.

Reardon, J., and Rivera, J., concurred.