Filed 10/24/13

*CERTIFIED FOR PUBLICATION*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| CHRISTINA GARCIA, | B247320 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VC060235) |
| v. | |
| GOVERNING BOARD OF BELLFLOWER UNIFIED SCHOOL DISTRICT, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Philip H. Hickok, Judge. Affirmed with directions.

Law Offices of Eric Bathen, Eric J. Bathen and Jordan C. Meyer for Defendant and Appellant.

Reich, Adell & Cvitan, J. David Sackman and Carlos R. Perez for Plaintiff and Respondent.

Bellflower Unified School District (District) appeals an order awarding attorney fees to Christina Garcia as the prevailing party in a proceeding under the California Public Records Act (Gov. Code, § 6250 et seq.) (Act).[1]  The District contends Garcia is not the prevailing party because she achieved no significant success and created no public benefit.  We conclude that the results that Garcia obtained through this litigation justify the finding that she prevailed.  We therefore will affirm the fee order.

### FACTUAL AND PROCEDURAL BACKGROUND

1.    *Factual Background*

Garcia is a former District employee.  She filed an extraordinary writ petition against the District in October 2010 relating to her alleged exposure to mold (*Garcia v. Bellflower Unified School District*, Super. Ct. L.A. County, No. BS127095).  Her counsel later served on the District's counsel in that proceeding, Steven G. Mason, a request for records from the District pursuant to the Act.  The letter request was dated August 2, 2011, listed eight categories of requested records, and expressly stated that the records were requested pursuant to the act.

Garcia requested copies of (1) all lawsuits filed within the past five years against the District by its employees alleging exposure to mold and other toxins; (2) all judgments and administrative decisions or awards rendered against the District within the past five years; (3) all documents showing the total amount of attorney fees billed by Mason's firm to the District in *Garcia v. Bellflower Unified School District*, *supra*,

---

[1]    All statutory references are to the Government Code unless otherwise specified.

2

No. BS127095; (4) all correspondence and other written documents by members of the public regarding complaints against a particular District administrator within the past five years; (5) all documents relating to complaints concerning mold made within the past five years by District employees or members of the public to state or federal government agencies; (6) all documents concerning any investigation by a government agency relating to mold on District property within the past five years; (7) all charges filed by District employees or former employees with the Department of Fair Employment and Housing within the past five years; and (8) all certified transcripts relating to the sworn testimony of two particular individuals within the past five years. Garcia's counsel received no response to the request.

Garcia's counsel sent Mason another letter on August 22, 2011, referencing the prior letter and renewing the request for records. He sent the initial request to Mason again as an e-mail attachment on September 9, 2011.

After receiving no response, Garcia's counsel sent a letter to the District's superintendent by certified mail on September 14, 2011, together with copies of the two prior letters to Mason. He requested a response within 10 days after the superintendent's receipt of the letter. He received a letter dated September 23, 2011, from Eric Bathen, the District's general counsel, responding to each request. The letter stated that there were no documents responsive to requests Nos. 1, 3, 6, and 8, that Nos. 2 and 5 were overly broad and vague and that Nos. 4 and 7 requested documents that were exempt from disclosure.

3

Garcia's counsel sent a letter to Bathen dated October 10, 2011, disputing the District's objections and responses and requesting the production of documents purportedly known by Garcia's counsel to exist but neither identified nor produced by the District, including documents relating to Garcia's claim. He also requested assistance in identifying records responsive to the requests. Garcia's counsel received no response to that letter.

2. *Trial Court Proceedings*

Garcia commenced the present proceeding in December 2011 by filing a verified petition for writ of mandate seeking to compel the District to comply with its obligations under the Act. The parties filed briefs on the merits of the petition. The trial court issued a tentative ruling, and neither party requested oral argument. The court filed an order on August 22, 2012, ordering the District to "provide documents responsive to requests numbers 2, 5 and 6 within 15 days of this order."[2] The order stated that requests Nos. 1 and 8 had been resolved and were no longer at issue. It also stated that the District had an obligation to produce records responsive to No. 2 regardless of whether those records were "searchable" on the Internet. The court overruled the District's objections to No. 2, found that the District had failed to meet and confer with Garcia despite her request to do so, and ordered the District to provide a complete response.

---

[2] The court entered a "Judgment' on December 13, 2012, restating the order. An order directing the disclosure of public records or supporting a public official's decision refusing disclosure is not an appealable judgment, but is reviewable by a petition for an extraordinary writ. (§ 6259, subd. (c).)

The trial court denied the petition as to request No. 3, stating that the District had indicated that it was not billed for attorney fees. It also denied the petition as to No. 4 on the grounds that the District had indicated that no documents regarding complaints against the administrator existed.

The trial court granted the petition as to requests Nos. 5 and 6, and ordered the District to provide further responses clearly stating whether there were any other responsive documents. Finally, the court denied the petition as to No. 7, stating that the District need not disclose any records pertaining to pending litigation and that, in any event, Garcia had already obtained the records by subpoena.

Garcia moved for an award of attorney fees and costs pursuant to section 6259, subdivision (d), requesting a total of $9,787.82. The District opposed the motion, arguing that Garcia was not the prevailing party and that the requested amount was excessive. The trial court filed an order on January 29, 2013, granting the motion and awarding the full amount requested. The court stated that it had granted the petition as to three of the requests, denied the petition as to two requests, and that two other requests were resolved informally before the hearing. Quoting *Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1393, the court stated that a plaintiff is the prevailing party " 'if [her] lawsuit motivated defendants to provide the primary relief sought or activated them to modify their behavior [citation], or if the litigation substantially contributed or was demonstrably influential in setting in motion the process which eventually achieved the desired result.' " It found, "the filing of the petition motivated an informal resolution to at least a few of the requests and . . . the

5

petition was necessary to prompt respondent to comply with the Public Records Act."
The court therefore concluded that Garcia was the prevailing party and was entitled to
an attorney fee award under the statute.

The District timely appealed the order awarding attorney fees and costs.[3]

## CONTENTIONS

The District contends Garcia is not the prevailing party because her success was
insignificant, she did not obtain her "primary relief sought," and this litigation created
no public benefit.

## DISCUSSION

1. *Standard of Review*

We review an attorney fee award generally for abuse of discretion. Whether the
statutory requirements have been satisfied so as to justify a fee award is a question
committed to the trial court's discretion, unless the question turns on statutory
construction, which we review de novo. (*Connerly v. State Personnel Bd.* (2006)
37 Cal.4th 1169, 1175; *Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)
"Generally, a trial court's determination that a litigant is a prevailing party, along with

---

[3]  An order granting an attorney fee award under section 6259, subdivision (d) is appealable under the collateral order doctrine as a final determination on a collateral matter severable from the merits of the litigation and directing the payment of money. (Cf. *Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1026; see also *Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1388-1389 [held that an order denying fees under the statute was appealable as a final judgment].)

6

its award of fees and costs, is reviewed for abuse of discretion." (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.)

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law. We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles*, *supra*, 156 Cal.App.4th at p. 158.)

We defer to any factual findings made by the trial court in connection with the ruling if they are supported by substantial evidence. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.)

2. *The Trial Court Properly Found that Garcia Is the Prevailing Party*

The Act generally provides that members of the public are entitled to inspect public records in the possession of state and local public agencies, unless the records are exempt from disclosure. (§ 6253.) An agency must provide a written response to a request for a copy of records within 10 days after its receipt, unless the time limit is extended up to 14 days by written notice in "unusual circumstances." (*Id.*, subd. (c).) An agency also has an affirmative obligation to assist the requestor to identify records and information responsive to the request or to the purpose of the request, describe where the records exist, and "[p]rovide suggestions for overcoming any practical basis for denying access to the records or information sought." (§ 6253.1, subd. (a).)

Any person may enforce his or her right to inspect or to receive a copy of a public record by filing a petition for writ of mandate or a complaint for injunctive or declaratory relief in the trial court. (§ 6258.) If it appears that a public record is being improperly withheld, the court must order the person withholding the record to disclose the record or show cause why he or she should not do so. (§ 6259.) The court must examine the record in camera, if permitted by Evidence Code 915, subdivision (b). (§ 6259, subd. (a).) If the court finds that the withholding of the record is not justified, it must order disclosure. On the other hand, if the court determines that the withholding was justified, it must return the record to the public official without disclosing its contents. (*Id.*, subd. (b).)

A petitioner prevailing in a proceeding under section 6259 is entitled to an award of attorney fees and costs. (§ 6259, subd. (d).) "The court shall award costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section." (*Ibid.*) The Act does not define the term "prevail" or explain the circumstances in which a petitioner is deemed the prevailing party. Code of Civil Procedure section 1021.5, which codifies the private attorney general doctrine, uses the term "successful party" and similarly does not define that term. The terms "successful party," as used in Code of Civil Procedure section 1021.5, and "prevailing party" are synonymous. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 570.) Courts have held that a party may be considered "successful" under Code of Civil Procedure section 1021.5 if it succeeds on any significant issue in the litigation and achieves some of the benefit sought in the lawsuit. (*Lyons v. Chinese Hospital Assn.* (2006)

8

136 Cal.App.4th 1331, 1346; *Bowman v. City of Berkeley* (2005) 131 Cal.App.4th 173, 178.)  We hold that the same rule applies in determining whether the petitioner or plaintiff has prevailed under section 6259, subdivision (d).

The District cites *Belth v. Garamendi* (1991) 232 Cal.App.3d 896 for the proposition that "[a] plaintiff is considered the prevailing party if his lawsuit motivated defendants to provide the *primary relief sought* or activated them to modify their behavior [citation], or if the litigation substantially contributed to or was demonstrably influential in setting in motion the process which eventually achieved the desired result [citation]." (*Id.* at pp. 901-902, italics added.)  The question presented in *Belth* was whether the petitioner had prevailed in the litigation for purposes of an attorney fee award under section 6259, subdivision (d) despite the fact that the public agency had produced the requested records without a court order.  *Belth* answered this question in the affirmative.  (*Belth*, *supra*, at pp. 901-902.)

*Belth*, *supra*, 232 Cal.App.3d 896, relied on cases applying Code of Civil Procedure section 1021.5 and the catalyst theory.  (*Belth*, *supra*, at pp. 901-902.)  The catalyst theory provides that a plaintiff is successful for purposes of an attorney fee award under Code of Civil Procedure section 1021.5, despite the lack of a favorable judgment or other court action, if the lawsuit was a catalyst in motivating the defendant to provide the primary relief sought.  (*Tipton-Whittingham v. City of Los Angeles* (2004) 34 Cal.4th 604, 608.)  The catalyst theory is inapplicable here to the extent that the trial court ordered the District to disclose some of the requested records and provide further written responses.  *Belth* therefore is not on point, and we need not decide whether

9

Garcia obtained the "primary relief sought." (Cf. *Lyons v. Chinese Hospital Assn., supra,* 136 Cal.App.4th at pp. 1346-1347; *Bowman v. City of Berkeley*, *supra*, 131 Cal.App.4th at p. 178.)

The trial court ordered the District to produce records responsive to requests Nos. 2, 5, and 6 and to provide further responses to those requests. No. 2 requested copies of all judgments and administrative decisions or awards against the District. The District acknowledges that responsive documents exist and does not challenge the overruling of its objections and order to produce those records. Nos. 5 and 6 requested records relating to complaints of mold made to government agencies and governmental investigations relating to mold. The District argues that there are no responsive documents apart from certain Cal OSHA documents already in Garcia's possession, although the appellate record does not disclose this. In any event, Garcia successfully obtained an order compelling the District to provide further written responses clearly stating whether there were any other responsive documents. The trial court found that Garcia was the prevailing party in part because this litigation was "necessary to prompt respondent to comply with the Public Records Act." We construe this as a finding that Garcia succeeded on a significant issue in this litigation and achieved some of the benefit sought in this lawsuit. The District has shown no abuse of discretion in that finding.

The District cites *Los Angeles Times v. Alameda Corridor Transportation Authority, supra,* 88 Cal.App.4th 1381, for the proposition that "[c]ircumstances could arise under which a plaintiff obtains documents, as a result of a lawsuit, that are so

minimal or insignificant as to justify a finding that the plaintiff did not prevail." (*Id.* at pp. 1391-1392.) The Court of Appeal in that case, however, concluded that the documents obtained as a result of the litigation under the Act were not minimal or insignificant and that the petitioner was entitled to a fee award. (*Id.* at p. 1392.) Similarly here, we conclude that the District has shown no abuse of discretion in the trial court's finding that the results obtained through this litigation were neither minimal nor insignificant and that those results justify an attorney fee award in favor of Garcia as the prevailing party.

3. *Garcia Is Entitled to an Award of Attorney Fees Incurred on Appeal*

A statute providing for an attorney fee award to the prevailing party in litigation ordinarily also authorizes an award of fees incurred on appeal even if it does not expressly so state. (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927-928.) Garcia as the prevailing party in the trial court and on appeal is entitled to recover her attorney fees incurred in this appeal.

11

### *DISPOSITION*

The order awarding attorney fees and costs is affirmed.  Garcia is entitled to recover reasonable attorney fees incurred on appeal.  The trial court, on remand, is directed to consider and rule upon a motion for such fees should Garcia seek such relief.  Garcia shall recover her costs on appeal.


### *CERTIFIED FOR PUBLICATION*


CROSKEY, Acting P. J.


WE CONCUR:


KITCHING, J.


ALDRICH, J.

12