Filed 3/17/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ADRIAN RISKIN, | B309814 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS174792) |
| v. | |
| DOWNTOWN LOS ANGELES PROPERTY OWNERS ASSOCIATION, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge. Reversed and remanded with directions.

Horvitz & Levy, John A. Taylor, Jr., Steven S. Fleischman; Bradley & Gmelich, Barry A. Bradley, Dawn Cushman and Carol A. Humiston for Defendant and Appellant.

Law Office of Abenicio Cisneros, Abenicio Cisneros; Cannata, O'Toole, Fickes & Olson and Karl Olson for Plaintiff and Respondent.

_____

Adrian Riskin filed a petition in the trial court under the California Public Records Act (CPRA) (Gov. Code, § 6250 et seq.)[1] seeking to compel Downtown Los Angeles Property Owners Association (the Association) to produce certain categories of documents.  The trial court granted in part the petition, and the Association appeals from a postjudgment order awarding Riskin attorney fees of $71,075.75.

The Association contends the trial court erred in concluding it had no discretion under the CPRA to deny attorney fees.  The argument is premised on the assertion even though section 6259, subdivision (d) provides the court *shall* award court costs and attorney fees to the requester should the requester prevail in litigation, the trial court has discretion to deny attorney fees when the plaintiff obtains documents "that are so minimal or insignificant as to justify a finding that the plaintiff did not prevail."  (*Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1391–1392 (*Los Angeles Times*).)

We conclude the trial court has discretion to deny attorney fees under the CPRA in some circumstances and hold the minimal or insignificant standard is applicable when the requester obtains only partial relief under the CPRA.  Accordingly, we reverse and remand for the trial court to exercise the discretion it believed it lacked.

---

[1] All further undesignated statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual Background

Riskin is a self-described "open records activist" who uses public records requests to investigate and understand the activities of business improvement districts (BID), Los Angeles city government, and the relationship between the two. The Association is a BID subject to the CPRA.

Riskin submitted CPRA requests to the Association on May 17, 2017, July 7, 2017, and July 31, 2017. The requests sought copies of three categories of documents: (1) emails between the Association and the South Park BID and/or Downtown Los Angeles Neighborhood Counsel, as well as Chairman of the Board Mark Chatoff's emails (Request No. 1); (2) emails between the Association and Urban Place Consulting (Request No. 2); and (3) Board Member Linda Becker's emails relating to the Association (Request No. 3).

The Association provided a substantive response to Request No. 1, which contained 46 emails the Association described as the complete response. When Riskin indicated he believed the response was deficient because it lacked emails from Chatoff, the Association contended all non-exempt records had been provided and any exemptions were protected by the deliberative process privilege.[2]

The Association responded to Request No. 2 by indicating certain records were exempt from disclosure under the

---

[2] The deliberative process privilege applies where the public interest in nondisclosure clearly outweighs the public interest in disclosure. (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 306.)

3

deliberative process privilege and it did not have responsive records.

The Association responded to Request No. 3 by stating there were no responsive records, and it was not claiming any exemptions. When Riskin informed the Association responsive documents must exist because he himself emailed board members, the Association asserted the records were exempt from disclosure pursuant to the deliberative process privilege but agreed to produce the email Riskin identified.

The parties exchanged letters in an unsuccessful attempt to resolve Riskin's contentions the Association had not produced all requested documents and the deliberative process privilege was inapplicable. This lawsuit followed.

## II. Procedural Background

Riskin commenced the present proceeding in August 2018 by filing a verified petition for writ of mandate/complaint for declaratory relief under the CPRA. The petition sought to compel the Association to produce various documents on grounds the Association wrongfully withheld records under the deliberative process privilege and failed to conduct a reasonable search for other records Riskin also requested a declaration stating the Association violated the CPRA by its acts and omissions. The Association filed a verified answer. The parties filed briefs on the merits of the petition, and after extensive oral argument the trial court entered judgment granting in part and denying in part the petition.

The trial court denied the petition as to Request No. 1; ordered the Association to undertake an adequate and reasonable search for documents responsive to Request No. 2; and denied the petition as to Request No. 3. As to Request Nos. 2 and 3, the trial

4

court examined in camera two records (exhibits 9 and 10) withheld by the Association on grounds they were protected by the deliberative process privilege. The trial court found exhibit 9 was not responsive but found exhibit 10, consisting of five pages containing two email strings of approximately 20 sentences in total, contained some information subject to protection under the deliberative process privilege and some information requiring disclosure. The trial court ordered disclosure of the non-privileged matter[3] but otherwise denied declaratory relief.

The Association filed a petition for writ of mandate and request for stay in this court, challenging the trial court's application of the deliberative process privilege. In *Los Angeles Property Owners Association v. Superior Court* (Sept. 30, 2019, B300697), we summarily denied the petition for failure to demonstrate entitlement to extraordinary relief.[4]

Following the trial court's entry of judgment, Riskin moved for an award of attorney fees and costs of $123,119.11 pursuant to section 6259, subdivision (d). Relying on *Los Angeles Times,* the Association opposed the motion asserting Riskin was not the prevailing party, because the one document he obtained (exhibit 10) was minimal or insignificant and the trial court has discretion to deny attorney fees. After receiving additional briefing from both parties on the issue of whether the redacted exhibit 10 constituted only a minimal or insignificant document, the trial court awarded Riskin attorney fees of $71,075.75.

---

[3] The privileged matter was redacted before the document was produced.

[4] On appeal the Association does not assert error in the trial court's application of the deliberative process privilege.

The trial court recognized *Los Angeles Times* stated "[c]ircumstances could arise under which a plaintiff obtains documents, as a result of a lawsuit, that are so minimal or insignificant as to justify a finding that the plaintiff did not prevail." (*Los Angeles Times, supra,* 88 Cal.App.4th at p. 1391.) Nevertheless, the trial court rejected the Association's argument for three reasons.

First, the trial court determined the referenced statement in *Los Angeles Time* is dicta. The trial court noted in *Los Angeles Times*, the lower court did not deny attorney fees based on a minimal or insignificant theory, it had not located any appellate authority finding proper the denial of attorney fees under *Los Angeles Times*, and the appellate court in *Los Angeles Times* cited no authority "to support its dicta.*"*

Second, the *shall award* language of section 6259, subdivision (d) is clear and mandatory, and it promotes the CPRA policies to increase freedom of information and favors disclosure.

Third, section 6257.5 provides a requester's motivation behind the CPRA request is irrelevant, yet in evaluating whether a forced disclosure is material, the court would be required to consider the requester's purpose. The trial court stated, "[i]f documents produced did not inform on the requester's purpose, a court could deem the production insignificant when considering attorney[ ] fees."

The Association timely appeals the order awarding Riskin attorney fees.[5]

---

[5] The order awarding attorney fees is appealable as a postjudgment order. (Code Civ. Proc., § 904.1, subd. (a)(2).)

# DISCUSSION

## I.  CPRA Provisions and Principles

The CPRA (§ 6250 et seq.) governs the inspection of public records and provides access to information concerning the conduct of people's business is a fundamental and necessary right of every person in this state.  (§ 6250; see Cal. Const., art. I, § 3, subd. (b)(1) [guaranteeing people right of access to information concerning conduct of people's business and providing meetings of public bodies and writings of public officials and agencies shall be open to public scrutiny].)  Rooted in the CPRA and implicit in the democratic process is the notion government should be accountable for its actions, and in order to verify accountability, individuals must have access to government files.  (*California State University, Fresno Assn., Inc. v. Superior Court* (2001) 90 Cal.App.4th 810, 823.)

The CPRA contains procedures for challenging a public agency's response to a records request.  Section 6258 provides, "[a]ny person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record" under the CPRA.

Under the CPRA, the "court shall award court costs and reasonable attorney's fees to the requester should the requester prevail in litigation filed pursuant to this section."  (§ 6259, subd. (d).)  "An award of costs and attorney fees pursuant to this provision is mandatory if the plaintiff prevails."  (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 427; see *Belth v. Garamendi* (1991) 232 Cal.App.3d 896, 899–900 (*Belth*) [" ' "shall" ' " is mandatory and there is no indication Legislature did not intend section 6259, subdivision (d) to be mandatory].)

The Legislature did not define the term "prevail" or explain the circumstances in which a plaintiff is deemed the prevailing party under section 6259, subdivision (d).

Courts have applied the " ' "standard test" ' " of whether a plaintiff is a prevailing party in a CPRA action. (*Pacific Merchant Shipping Assn. v. Board of Pilot Commissioners etc.* (2015) 242 Cal.App.4th 1043, 1053 (*Pacific Merchant*).) Under this test, a plaintiff prevails " 'when he or she files an action which results in defendant releasing a copy of a previously withheld document.' " (*Ibid.*) An action results in the release of previously withheld documents " 'if the lawsuit motivated the defendants to produce the documents.' " (*Galbiso v. Orosi Public Utility Dist.* (2008) 167 Cal.App.4th 1063, 1085.) The catalyst theory applies, and a plaintiff may prevail even where a court did not enter judgment in its favor, so long as the litigation caused the disclosure. (*Belth, supra,* 232 Cal.App.3d at pp. 901–902; *Sukumar v. City of San Diego* (2017) 14 Cal.App.5th 451, 463 (*Sukumar*).)

Conversely, for purposes of the CPRA fee statute, a plaintiff does *not* prevail where substantial evidence supports a finding the litigation did *not* cause the agency to disclose any of the documents ultimately made available. (*Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1382.)

## II.     Standard of Review

We review an award of attorney fees generally for abuse of discretion. (*Garcia v. Bellflower Unified School Dist. Governing Bd.* (2013) 220 Cal.App.4th 1058, 1064 (*Garcia*).) A fee award " ' "will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." ' " (*Pasadena Police Officers*

*Assn. v. City of Pasadena* (2018) 22 Cal.App.5th 147, 167 (*Pasadena Police Officers Assn.*).)

Nevertheless, a failure to exercise discretion is an abuse of discretion. (*Kahn v. Lasorda's Dugout, Inc.* (2003) 109 Cal.App.4th 1118, 1124 (*Kahn*).) Further, an abuse of discretion is shown where a trial court errs in acting on a mistaken view about the scope of its discretion (*Platypus Wear, Inc. v. Goldberg* (2008) 166 Cal.App.4th 772, 782 (*Platypus Wear, Inc.*)) or applies the wrong legal standard (*Waterwood Enterprises, LLC v. City of Long Beach* (2020) 58 Cal.App.5th 955, 968 (*Waterwood Enterprises, LLC*)).

## III. The Trial Court Had Discretion to Deny Attorney Fees

The Association contends the trial court erred in concluding it had no discretion to deny Riskin attorney fees. We agree.

In *Los Angeles Times*, the trial court denied the plaintiff's fee motion after it obtained just one of two documents sought. (*Los Angeles Times, supra,* 88 Cal.App.4th at p. 1391.) The appellate court reversed, stating if a public record is disclosed only because a plaintiff filed suit to obtain it, the plaintiff has prevailed. (*Ibid.*) The appellate court stated, "[c]ircumstances could arise under which a plaintiff obtains documents, as a result of a lawsuit, that are so minimal or insignificant as to justify a finding that the plaintiff did not prevail." (*Id.* at pp. 1391–1392.) But the appellate court concluded, "there is no support for such a finding *in this case."* (*Id.* at p. 1392, italics added.)

The appellate court expressly concluded the documents obtained as a result of the litigation were not minimal or insignificant and reversed the trial court's denial of fees. (*Los Angeles Times, supra,* 88 Cal.App.4th at p. 1393.) In sum, the

9

court articulated a minimal or insignificant standard, applied it to the specific facts presented, and ultimately reversed the trial court order denying fees.

In the trial court and on appeal, the parties before us have structured the question as whether or not the minimal or insignificant standard applied in *Los Angeles Times* is dicta.[6] The question is not our primary concern, because even if it is dicta, we conclude the minimal or insignificant standard is appropriate under the CPRA and adopt it.[7]

Although no published case has encountered facts compelling *denial* of attorney fees using a minimal or insignificant standard, many cases have adopted its language, and none has denounced it.[8]  (See *Pasadena Police Officers Assn.*, *supra*, 22 Cal.App.5th at p. 167; *Sukumar*, *supra*, 14 Cal.App.5th at p. 463; *Pacific Merchant*, *supra*, 242 Cal.App.4th at p. 1053;

---

[6] Dicta is a " 'judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive).' " (*People v. Vang* (2011) 52 Cal.4th 1038, 1047, fn. 3.)

[7] Nevertheless, we disagree it was dicta and observe it was a necessary part of the court's decision in *Los Angeles Times*.  It was based on previous case law that found, *without discussion*, an award of attorney fees was appropriate where disclosure was ordered for fewer than all documents sought. (*Los Angeles Times*, *supra*, 88 Cal.App.4th at p. 1393; see *Register Div. of Freedom Newspapers, Inc. v. County of Orange* (1984) 158 Cal.App.3d 893, 910.)  *Los Angeles Times* thus added to the discussion.

[8] We also note the California Supreme Court denied review in *Los Angeles Times*.

*Garcia, supra,* 220 Cal.App.4th at pp. 1066–1067; *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 340 (*Mann*); *Moran v. Endres* (2006) 135 Cal.App.4th 952, 956 (conc. opn. of Mosk, J.) (*Moran*); *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020 (*ComputerXpress*).)

In another CPRA case decided twelve years after *Los Angeles Times*, the court in *Garcia* applied the minimal or insignificant standard and affirmed a fee award challenged by a school district where the district showed "no abuse of discretion in the trial court's finding that the results obtained through this litigation were neither minimal nor insignificant and that those results justify an attorney fee award in favor of [plaintiff] as the prevailing party." (*Garcia, supra,* 220 Cal.App.4th at p. 1067.)

Moreover, in other contexts, trial courts have discretion to deny fees despite a mandatory attorney fee provision when plaintiff obtains a result so minimal or insignificant to justify finding it did not prevail. (See, e.g., *James L. Harris Painting & Decorating, Inc. v. West Bay Builders, Inc.* (2015) 239 Cal.App.4th 1214, 1220 [Public Contract Code]; *ComputerXpress, supra,* 93 Cal.App.4th at p. 1020 [partial success on anti-SLAPP motion]; *Moran, supra,* 135 Cal.App.4th at p. 956 (conc. opn. of Mosk, J.) [same]; *Mann, supra,* 139 Cal.App.4th at p. 340 [same].)

We discern no reason not to apply a minimal or insignificant standard when determining whether plaintiff is a prevailing party under the CPRA. We hold the minimal or insignificant standard is applicable when the requester obtains only partial relief under the CPRA. Thus, if appropriate to the particular case, the trial court must determine whether a litigant who obtains partial relief under the CPRA is a prevailing party

11

by analyzing whether the documents obtained were "so minimal or insignificant" to justify a finding the litigant did not prevail.

## IV. Remand is Required for the Trial Court to Properly Exercise Its Discretion

The trial court's lengthy ruling on Riskin's motion for attorney fees did not state the trial court recognized its discretion and chose to exercise it.[9]  Rather, the trial court concluded the minimal or insignificant language in *Los Angeles Times* is dicta, a conclusion we reject.  As a result, the trial court appears to have been under the mistaken view it was precluded from exercising its discretion.  Some of the trial court's comments imply it was questioning the wisdom behind *Los Angeles Times*.  By relying on the plain language of section 6259, subdivision (d), the public policy behind the CPRA, and the Legislature's determination a requester's motivation is irrelevant, the trial court appears to have been interpreting the statute, not exercising its discretion to apply it.  (See *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332 [in interpreting statute, first step is to give words plain meaning;

---

[9] Conversely, the trial court acknowledged its discretion to determine the reasonableness of attorney fees once prevailing party status is established.  It is telling, therefore, that in two prior tentative decisions, the trial court found Riskin was *not* the prevailing party.  It initially found the minimal or insignificant standard was met because the document ordered produced contained information that was very limited—approximately twenty sentences in total—and that it was "entirely innocuous, consisting of mostly scheduling information as to when information can be sent and received" and that the significance of the few court-ordered disclosures was "highly speculative and attenuated, at best, and completely inconsequential, at worst."

12

if plain meaning rule inapposite, courts determine most reasonable interpretation by looking to legislative history and background].)

Additionally, the trial court's ruling suggests if it had discretion to deny fees it may have done so. The trial court observed the Association's argument the document the Association produced was so minimal and so insignificant the court should find Riskin did not prevail "has appeal." The trial court also stated the production at issue was "not substantial in the context of the parties' dispute" and the disclosures were "not extensive (perhaps even minimal)."[10] The trial court also remarked its decision as to the adequacy of the evidence of the search undertaken by the Association was a close call. These comments suggest the trial court determined it lacked discretion to find Riskin is not a prevailing party entitled to attorney fees.

We conclude the trial court erred in determining it lacked discretion, and thus in failing to exercise its discretion. (See *Kahn, supra*, 109 Cal.App.4th at p. 1124; see also *Platypus Wear, Inc., supra*, 166 Cal.App.4th at p. 782; *Waterwood Enterprises, LLC, supra*, 58 Cal.App.5th at p. 968.) As case law reflects, courts have discretion under the CPRA. Thus, remand is required to permit the trial court to exercise its discretion as to whether Riskin is a prevailing party. (See *Richards, Watson & Gershon v. King* (1995) 39 Cal.App.4th 1176, 1181.)

___

[10] On the other hand, the trial court also stated it had no reason to doubt Riskin's statements about how the information obtained was significant and noted the Association sought writ relief.

Finally, the Association asks us to direct the trial court not to consider Riskin's supplemental declaration on remand. The declaration elaborates on the usefulness of documents disclosed through the CPRA. We decline the invitation. The trial court found the supplemental declaration was timely filed. We have no reason to question the trial court's decision to request supplemental briefing, and having so requested, the trial court was entitled to consider all facts and argument properly before it. The Association remains free to attack the declaration on any legal ground available.

## DISPOSITION

The order awarding attorney fees to Riskin is reversed and the case remanded. On remand, the trial court shall exercise its discretion to determine whether Riskin is a prevailing party entitled to attorney fees. The parties are to bear their own costs on appeal.

CERTIFIED FOR PUBLICATION.


KNILL, J.[*]


We concur:


EDMON, P. J.          EGERTON, J.

---

[*] Judge of the Superior Court of Orange County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.