Filed 2/3/15  Conservatorship of McQueen CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Conservatorship of the Estate of IDA McQUEEN.<br><br>FESSHA TAYE,  as Conservator, etc.,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CAROL VERES REED,<br><br>      Defendant and Appellant. | A134337<br><br>(Alameda County<br>Super. Ct. No. HP05237122) |

**I.**

**INTRODUCTION**

For the second time, we review this case involving $56,974.50 in attorney fees and costs (collectively fees) awarded to plaintiff Fessha Taye, conservator for a mentally and physically disabled elder.  Plaintiff, on behalf of his conservatee, prevailed in an action against defendant Carol Veres Reed finding defendant liable for financial abuse of an elder; and we affirmed that judgment on appeal.  (*Conservatorship of McQueen* (Mar. 14, 2011, A126825 [partial pub. opn.] *McQueen I.*)  Defendant then paid the $402,000 judgment, including interest, in full.  Thereafter, pursuant to the fee-shifting provision of the Elder Abuse and Dependent Adult Civil Protection Act (Elder Abuse Act) (Welf. & Inst. Code, § 15657.5, subd. (a)), the trial court awarded plaintiff an additional $56,974.50 in fees.  The $56,974.50 represented two categories of fees—for being the

1

prevailing party in the appeal in *McQueen I*, as well as fees incurred in bringing a fraudulent transfer action against defendant.

In the first appeal in this case, we held plaintiff's fee request was untimely under the Enforcement of Judgments Law (EJL) (Code Civ. Proc., § 685.080, subd. (a)) by virtue of the fact that the judgment in *McQueen I* had already been fully paid by defendant when plaintiff filed her fee request. (*Conservatorship of McQueen* (Feb. 7, 2013) A134337 [nonpub. opn.].) After granting plaintiff's petition for review, the Supreme Court reversed in part and affirmed in part, holding that Code of Civil Procedure section 685.080, subdivision (a), applied only to preclude plaintiff from recovering fees incurred in prosecuting the fraudulent transfer action. (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 612 (*McQueen II*). However, plaintiff was entitled to recover fees for defending the judgment in *McQueen I* on appeal. (*Id*. at p. 612.)

Per our Supreme Court's instructions on remand to this court, the essential remaining issues are: (1) ruling on "plaintiff's request for costs and attorney fees incurred in this appeal;" and (2) apportioning and modifying plaintiff's prior $56,974.50 lump sum award to allocate only appellate fees for defending the judgment in *McQueen I*, which are recoverable, and to exclude the fees from the fraudulent transfer case, which are not recoverable. (*McQueen II*, *supra*, 59 Cal.4th at p. 616.) As to the first point, we find plaintiff is entitled to fees incurred in this appeal for successfully defending the appellate fee award; and we remand the matter so the trial court can determine the amount of these fees. As to the second point, we remand the matter to the trial court to determine the numerical division of fees. Accordingly, the trial court's prior award of $56,974.50 in fees is reversed and the matter remanded for further proceedings consistent with the views set forth in this opinion.

## II.

## FACTS AND PROCEDURAL HISTORY

The factual and procedural history of the underlying litigation is set forth in detail in our prior opinion in *McQueen I* and the California Supreme Court's opinion in

2

*McQueen II*. We briefly set out the relevant facts, focusing on the matters relevant to the instant appeal from the $56,974.50 fee award.

Ida McQueen is a mentally and physically disabled elderly woman, who cannot read or write. Defendant is an attorney, who was sued by McQueen's conservator, plaintiff herein, for knowingly and intentionally defrauding McQueen by assisting in the sale of, and misappropriation of the proceeds from, a home in which McQueen held a life estate. A jury found defendant liable for financial elder abuse, breach of fiduciary duty and conversion. Based on her liability for elder abuse, the trial court ordered defendant to pay plaintiff's prejudgment fees totaling more than $300,000. Defendant appealed. In *McQueen I,* this court affirmed the judgment. The Supreme Court denied review, and the remittitur issued on June 15, 2011.

Meanwhile, while the appeal in *McQueen I* was pending, plaintiff filed a second lawsuit against defendant and several of her relatives, alleging fraudulent transfers of real property to third parties in an attempt to avoid satisfaction of judgment. After the matter was settled, plaintiff voluntarily dismissed that action. Thereafter, by a series of payments, defendant paid the trial court judgment plus accrued interest. Defendant's check for the final amount was honored on July 15, 2011.

Ten days later, on July 25, 2011, plaintiff filed the motion for additional fees that is the subject of this appeal. The motion sought an additional $57,681.90 in fees incurred in briefing and arguing the appeal in *McQueen I*, and in prosecuting the fraudulent transfer action. The trial court awarded plaintiff $56,974.50 in fees, rejecting defendant's argument, based upon Code of Civil Procedure section 685.080, subdivision (a), that her satisfaction of the underlying judgment cut off plaintiff's right to seek fees. Defendant appealed and this court reversed, holding plaintiff's fee motion was untimely under Code of Civil Procedure section 685.080, subdivision (a). (*Conservatorship of McQueen* (Feb. 7, 2013, A134337 [nonpub. opn.].)

The Supreme Court granted review and affirmed in part and reversed in part. (*McQueen II*, *supra*, 59 Cal.4th at p. 617.) It held that defending a judgment on appeal is not "enforcing a judgment" under the EJL. (*Id.* at p. 609.) Therefore, the California

3

Rules of Court, not the EJL, prescribe when to move for appellate fees—40 days after remittitur—a deadline plaintiff had met. (*Id.* at p. 612.) Therefore, *McQueen II* held plaintiff was entitled to fees incurred on appeal of the judgment in *McQueen I*. (*Id.* at p. 616.) However, *McQueen II* held the EJL did apply to fees incurred by plaintiff in taking steps to ensure that assets would be available to satisfy the judgment. (*Id.* at pp. 612-613.) Because the EJL requires a party to seek fees before satisfaction of the judgment (Code Civ. Proc., § 685.080, subd. (a)), and plaintiff had not done so, his fee motion was untimely and he was not entitled to fees in the separate action for fraudulent conveyance. (*Id.* at p. 616.)

The Supreme Court summarized its holding and gave this court instructions on remand: "Plaintiff's motion for costs and fees was timely as to attorney fees incurred opposing defendant's *appeal* from the judgment, but untimely as to fees incurred *enforcing* the judgment through the separate fraudulent transfer action. The lower courts and parties have not addressed the numerical division of fees into these categories, and we express no view on the subject. Nor do we address the question, which the Court of Appeal did not reach, of whether the amount of fees awarded for opposing the appeal was unreasonable. Finally, we leave for resolution in the Court of Appeal plaintiff's request for costs and attorney fees incurred in this appeal." (*McQueen II*, *supra*, 59 Cal.4th at p. 616.) We have invited the parties to file supplemental briefs on these remaining issues, and they are now ripe for our resolution.

### III.

### DISCUSSION

#### A. Apportionment of $56,974.50 Fee Award

Under the Supreme Court's decision in *McQueen II*, some apportionment of the $56,974.50 fee award is clearly warranted as between compensable and noncompensable claims. The time spent on defending the result of the jury trial in *McQueen I* on appeal is clearly compensable. However, some of the $56,974.50 fee award is attributable to time spent on the fraudulent transfer case, which our Supreme Court held is noncompensable.

Unfortunately, given no reason to do otherwise, the trial court's $56,974.50 fee award was made in an undifferentiated lump sum. Consequently, plaintiff claims this case must be remanded to the superior court to apportion and modify the prior $56,974.50 award to "only include appellate fees and costs from the first appeal" establishing defendant was liable for financial elder abuse. We agree. Therefore, we reverse the fee award and remand this case to the trial court with directions to make the necessary apportionment between compensable and noncompensable hours, and a corresponding reduction in the $56,974.50 fee award.[1]

#### B. The Elder Abuse Act Authorizes an Award for this Appeal

The main dispute between the parties relates to whether the time and expense associated with the present appeal is compensable. Plaintiff claims he was "at least partially successful" in this appeal "and is entitled to attorney fees and costs . . . to the extent [he] defended the prior appellate award." As a basis for awarding fees in this matter, he indicates "the financial elder abuse statute and the public policy behind it require plaintiff be awarded attorney fees and costs for defending the prior appellate award." We agree, and find plaintiff is entitled to be compensated for the time

---

[1] Our resolution of this issue renders moot defendant's claim "that many of the items listed on the billing . . . were unreasonable." To the extent any of defendant's arguments about certain billing items are relevant to the court's computation of fees on remand, the court may consider them then.

reasonably spent defending his right to appellate fees, including proceeding before the California Supreme Court.

The Elder Abuse Act authorizes this court to award reasonable attorney fees to a prevailing plaintiff: "Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to compensatory damages and all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs. . . ." (Welf. & Inst. Code, § 15657.5, subd. (a).) The Legislature enacts substantive fee shifting statutes, such as Welfare and Institutions Code section 15657.5, because they are necessary to promote public policy. (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 933; *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 683.) The legislative purpose behind the Elder Abuse Act "is essentially to protect a particularly vulnerable portion of the population from gross mistreatment in the form of abuse and custodial neglect." (*Delaney v. Baker* (1999) 20 Cal.4th 23, 33 [upholding attorney fee award under physical elder abuse statute].) Consequently, the Legislature authorized civil actions, including those under the financial elder abuse statute, with mandatory and all-inclusive fee provisions, so elders could retain counsel to protect themselves. (See Welf. & Inst. Code, § 15600, subd. (j).)

Nevertheless, defendant argues that an award of fees would be "unreasonable and unjust" in this case. She claims "[t]he part of the case involving an elder (and therefore the elder abuse attorney's fee statute) has long been over—the case is now only about Defendant paying attorney's fees . . . ."

Our Supreme Court has emphatically rejected the view posited by defendant here. In the landmark case of *Serrano v. Unruh* (1982) 32 Cal.3d 621, the high court held: "[F]ollow[ing] the rule of the overwhelming majority of courts that have considered the question . . . [w]e hold . . . that, absent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, *including*

6

*those necessary to establish and defend the fee claim.*"[2]  (*Id*. at p. 639, italics added, fn. omitted.)  As the court explained in *Estate of Trynin* (1989) 49 Cal.3d 868, "if counsel is not compensated for expenses reasonably incurred in fee litigation, the compensation awarded for the underlying services may be effectively diluted or dissipated, and the fee will vary with the nature of the opposition." (*Id*. at p. 879.)  That result is inconsistent with the purpose of fee-shifting statutes.

Although the *Serrano* court addressed entitlement to attorney fees under Code of Civil Procedure section 1021.5, the Supreme Court reiterated this holding in *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141, ruling that an award of fees under Code of Civil Procedure section 425.16 may include not only the fees with respect to the underlying claim, but also the fees incurred in enforcing the fee claim.  (See also *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659, overruled on other grounds in *Equilon v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 [entitlement to fees under Code Civ. Proc., § 425.16 includes appellate fees for defending award].)  There is no reason why the same result should not hold true for attorney fees claimed under Welfare and Institutions Code section 15657.5, subdivision (a).

Furthermore, we point out a party may "prevail[]" despite only partial success, but partial success may reduce the awardable fees and costs.  (See *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1016-1020; *Bowman v. City of Berkeley* (2005) 131 Cal.App.4th 173, 177-178; *Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1344.)

Here, in *McQueen II*, the California Supreme Court upheld plaintiff's prior fee award for work on the appeal in *McQueen I*, despite affirming this court's reversal of the portion of the fee award for the separate fraudulent transfer case.  (*McQueen II*, *supra*, 59

---

[2] The *Serrano* court recognized, however, that an award of appellate fees would not be automatic: "It would seem obvious that fees would not be recoverable for an appeal that reversed the award entirely or reversed as excessive an award appellant claimed was inadequate." (32 Cal.3d at p. 639, fn. 28.)  In the instant case, neither of the conditions referred to for denying appellate fees in *Serrano* is present.

Cal.4th at p. 616.) Thus plaintiff was at least partially successful and is entitled to fees for the time plaintiff reasonably spent successfully defending the prior appellate award in this appeal.

An appellate court has the discretion to either make an award of fees itself, or to remand the issue to the trial court. (See *Leaf v. Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371, 379.) In this instance, "[i]nasmuch as the trial court is in a better position to determine the reasonable value of such services" it makes sense for this court to remand the issue to the trial court with directions to award plaintiff the full amount of fees reasonably incurred in litigating his entitlement to appellate fees.[3] (*Ibid.*)

## III.

## DISPOSITION

The trial court's prior award of $56,974.50 in fees is reversed and the matter remanded to the trial court to: (1) recalculate and modify the award to include only appellate fees in defending the judgment in *McQueen I*; and (2) award plaintiff reasonable fees for his partial success in this action.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.

---

[3] Defendant argues it would be "incredibly unfair" to grant plaintiff "more fees for himself" because "[o]nly in the Reply Brief before the Supreme Court and in the two *Amicus Curiae* briefs were the arguments that eventually prevailed in the Supreme Court finally developed. These arguments were never presented before the Court of Appeal." This argument, if relevant at all, goes to the amount of fees to be awarded, not plaintiff's entitlement to fees in the first instance.