Filed 7/28/23  Pinto Lake M.H.P. v. County of Santa Cruz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PINTO LAKE M.H.P. LLC, | H050374 |
| Petitioner and Appellant, | (Santa Cruz County Super. Ct. No. 17CV01424) |
| v. | |
| COUNTY OF SANTA CRUZ et al., | |
| Respondents. | |

Mobile home park owner Pinto Lake MHP LLC (Pinto Lake) appeals an award of attorney fees to the mobile home park's homeowners' association, which Pinto Lake attempted unsuccessfully to bring into this litigation in lieu of the individual mobile home park residents.  (The residents could not be made parties due to the expiration of the applicable 90-day statute of limitations.)  For the reasons we will explain, we find no error and will affirm the order awarding fees.

## I.    BACKGROUND

### A.  THE PARTIES' PREVIOUS APPEAL

Pinto Lake is the owner of a 177-space mobile home park in Santa Cruz County.  It applied to the county for a special rent adjustment to increase rents by approximately 47 percent.  (See Santa Cruz County Code, Ch. 13.32.030.)  Assisted by counsel, Pinto Lake provided notice to the mobile home park residents, whose names were appended to the petition as required by the governing ordinance (*id.*, § 13.32.060(B)(2)(b)), and the residents hired their own counsel.  At an administrative hearing on the application, both

Pinto Lake and the residents called expert witnesses to address whether a rent increase was necessary to provide Pinto Lake with a just and reasonable return on its investment as contemplated in the County Code. The hearing officer ultimately denied the proposed increase in a written decision.

Under former Santa Cruz County Code section 13.32.060(B)(16) (providing for judicial review of the hearing officer's decision under Code of Civil Procedure sections 1094.5 and 1094.6), Pinto Lake filed a combined petition for administrative mandamus and complaint for declarative and injunctive relief naming the county and the hearing officer as respondents. The hearing officer filed a notice of non-interest in the proceedings, and the county demurred to the petition on grounds that Pinto Lake failed to join the mobile home park residents as parties. The trial court sustained the demurrer (with leave to amend) for failing to join the residents as parties. Instead of amending its petition/complaint, Pinto Lake elected to stand on the original pleadings. The county moved to dismiss based on Pinto Lake's failure to file an amended pleading, a judgment of dismissal was entered, and Pinto Lake appealed.

This court found in the previous appeal (*Pinto Lake MHP LLC v. County of Santa Cruz* (2020) 56 Cal.App.5th 1006 (*Pinto Lake I*)) that the trial court did not abuse its discretion in concluding that the residents were necessary parties under Code of Civil Procedure section 389, subdivision (a), but remanded the matter to allow the trial court to reach the question of whether the residents were indispensable parties under Code of Civil Procedure section 389, subdivision (b) in whose absence the case could not proceed.

## B. PROCEEDINGS ON REMAND

Having conceded in the previous appeal that the 90-day statute of limitations in Code of Civil Procedure section 1094.6 precluded making the residents parties to the lawsuit, on remand Pinto Lake amended its pleading to name the Pinto Lake Mobile Home Park Homeowners' Association (the Association) as a defendant. The Association

2

demurred, arguing that the same statute of limitations precluded making it a party to the lawsuit. The trial court requested additional briefing from Pinto Lake and the Association on whether the residents were indispensable parties, and on the related issue of whether the Association could "legally be considered a substitute or stand-in for the residents." The county joined in the Association's briefing.

After further hearing on the county's original demurrer, the trial court determined that the residents were indispensable parties without whom the matter could not proceed and dismissed the case. It found that Pinto Lake's amendment purporting to add the Association as a defendant was procedurally improper because the amendment exceeded the scope of this court's limited remand, and it therefore struck the amendment as void. The Association then moved for attorney fees under both the Mobilehome Residency Law (Civ. Code, § 798.85) and the private attorney general statute (Code Civ. Proc., § 1021.5). Pinto Lake argued in opposition that because the Association had never actually become a party to the lawsuit, it was not entitled to attorney fees under either statute. The trial court granted the Association's motion and ordered Pinto Lake to pay $38,733.75 in attorney fees (representing the Association's proposed lodestar amount without a requested multiplier).

## II.   DISCUSSION

Pinto Lake challenges the award of attorney fees to the Association under both the Mobilehome Residency Law and the private attorney general statute. The Association argues that the trial court properly exercised its discretion in awarding attorney fees under the private attorney general statute, but does not address its entitlement to attorney fees under the Mobilehome Residency Law. In light of the Association's position and because we conclude the award of attorney fees was proper under the private attorney general statute, we need not determine whether the Association qualified for attorney fees under the Mobilehome Residency Law.

3

## A. THE PRIVATE ATTORNEY GENERAL STATUTE (CODE CIV. PROC., § 1021.5)

Under California's private attorney general statute, "a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (Code Civ. Proc., § 1021.5.) Pinto Lake asserts that an award was impermissible in this case because the Association was not a successful party, its participation in the litigation did not enforce an important right affecting the public interest or confer a significant benefit on any large class of persons, and fees were not warranted by the necessity and financial burden of private enforcement.

### 1. Standard of Review

The parties disagree about the standard of review that applies to the award of attorney fees under the private attorney general statute. Pinto Lake contends—without analysis—that our review is de novo as to all issues presented; the Association urges the proper standard is abuse of discretion (while acknowledging that a pure question of statutory construction would call for de novo review). We observe that an award of attorney fees is generally reviewed for abuse of discretion, although we agree that de novo review is appropriate if a question of law requiring statutory construction is presented. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213 (*Whitley*).) In addition, as to mixed questions of law and fact, we apply a de novo standard where the material facts are undisputed, and a deferential abuse of discretion standard where factual disputes predominate. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175–1176.) Given the different standards that govern the component questions of the attorney fees decision, we will note the standard we are applying in our discussion of each.

4

## 2. Whether the Association Was a Successful Party

Because the amendment naming the Association as a defendant was deemed void by the trial court, Pinto Lake argues the Association was not a party to the lawsuit at all, let alone a "successful party" for purposes of the private attorney general statute (Code Civ. Proc., § 1021.5). In rejecting Pinto Lake's argument that the Association never became a party, the trial court relied on a statement in this court's earlier opinion (*Pinto Lake I, supra,* 56 Cal.App.5th at p.1015) noting "that the residents and their association engaged legal counsel and participated in the special rent adjustment proceeding." But that appeal addressed only whether under Code of Civil Procedure section 389, subdivision (a) the individual residents must be added as parties to the lawsuit. Nothing in the quoted language prescribed that the Association should later become a party eligible for attorney fees under Code of Civil Procedure section 1021.5. We review this mixed question de novo, as the Association's involvement in the litigation after being named as a defendant is undisputed.

Taking "a broad, pragmatic view" of the private attorney general statute and its " 'successful party' " requirement (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 565 (*Graham*)), we see no reason why the Association should be categorically ineligible for attorney fees. After Pinto Lake named the Association as a defendant, the Association filed a demurrer as well as the additional briefing requested by the trial court. Even assuming the Association's recognition as a party was rendered a legal nullity when the trial court struck the amendment that named it as a defendant, the Association nonetheless participated in the litigation "in essentially the same way as a formally recognized party" and therefore should be treated as such under Code of Civil Procedure section 1021.5. (*Vosburg v. County of Fresno* (2020) 54 Cal.App.5th 439, 461.) In *Vosburg*, an unincorporated association that litigated on behalf of its members qualified for attorney fees under the private attorney general statute even though the trial court never ruled on its motion to intervene as a party. Pinto Lake attempts to distinguish

5

this case, suggesting that the Association—unlike the association in *Vosburg*, at pp. 451–456—did not have standing to act as a representative of its members. But, even if accurate, that distinction is immaterial because the Association did not attempt to intervene—it was named as a defendant by Pinto Lake itself. Having chosen to hale the Association into court, Pinto Lake cannot rely on its own procedural error to foreclose an award of attorney fees.

We also reject Pinto Lake's argument that the Association was not "successful" because no judgment was entered in its favor. A favorable judgment is not a prerequisite for an award of attorney fees under the private attorney general statute; a favorable *outcome* is, but the procedural means by which that outcome is achieved is not dispositive. (*Graham*, *supra*, 34 Cal.4th at pp. 565–566.) Here, upon being named as a defendant, the Association consistently sought to extricate itself from the proceedings and to have the lawsuit dismissed in its entirety. And, after requesting additional briefing from the Association on directly relevant legal issues, the trial court entered an order resulting in the Association's desired outcome. Due to the procedural posture of the case, that order followed a hearing on the county's demurrer (not the Association's), but the Association participated in the hearing as a party and fully achieved its litigation objectives. That is sufficient to make it a "successful party," as that term is used in Code of Civil Procedure section 1021.5.

### 3. Whether the Association Enforced an Important Right Affecting the Public Interest

Pinto Lake contends that the Association's participation in the litigation resulted only in its removal as a defendant and did not result in the enforcement of an important right affecting the public interest. The trial court found otherwise, stating that its dismissal of the lawsuit "potentially impacts all mobile home residents in Santa Cruz County," a finding which required it to exercise discretion in assessing the importance of any right enforced and its effect on the public interest. We therefore review that finding

6

for abuse of discretion. (See *Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 938 (*Woodland Hills*) [in evaluating whether a litigant who "prevails on a 'technical' preliminary issue" is entitled to attorney fees, a trial court must use "its traditional equitable discretion" to "realistically assess the litigation and determine, from a practical perspective, whether or not the action served to vindicate an important right"].) We will presume that the trial court acted permissibly unless the record affirmatively reveals error. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 ["It is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error"].) We note in this regard that Pinto Lake has elected to pursue this appeal without a transcript of the relevant oral proceedings.

As we have discussed, the Association succeeded not only in removing itself from the action but also in having the lawsuit dismissed due to the residents' absence. The trial court found that the residents were indispensable parties without whom the matter could not proceed, after requesting and considering briefing from both Pinto Lake and the Association on that very issue. Under the circumstances, it could reasonably have determined that the Association enforced an important right affecting "all mobile home residents in Santa Cruz County" by preventing Pinto Lake from continuing to pursue a special rent adjustment without the residents' involvement. The right of mobile home park residents to participate in special rent adjustment proceedings is set forth in the Santa Cruz County Code, and we see no abuse of discretion in finding that the Association's enforcement of that right satisfied the threshold requirement of the private attorney general statute.

### 4. Whether the Association Conferred a Significant Benefit to the General Public or a Large Class of Persons

In conjunction with its argument that the Association did not enforce an important right affecting the public interest, Pinto Lake asserts that the litigation did not confer a significant benefit on the general public or a large class of persons as required under

7

Code of Civil Procedure section 1021.5. In finding that it did, the trial court identified the "significant benefit" as a "determination whether rent adjustments are valid or not," and described the "large class of persons" as "mobile homeowners throughout [Santa Cruz] County." We review the trial court's finding for abuse of discretion (*Graham*, *supra*, 34 Cal.4th at p. 578), and will again presume correctness absent an affirmative showing of error in the record.

Pinto Lake correctly observes that the dismissal of its lawsuit did not invalidate any actual rent increase nor special rent adjustments generally, nor did it prevent Pinto Lake from applying again for a special rent adjustment. But the dismissal did confirm that a special rent adjustment obtained without input from mobile home park residents would be invalid, and that a judgment issued "without the [r]esidents' presence would not be adequate." The trial court could reasonably conclude that the litigation conferred a significant benefit on residents of other mobile home parks in Santa Cruz County to whom the same principles would apply (cf. *Bowman v. City of Berkeley* (2005) 131 Cal.App.4th 173, 180–181), and the record gives us no reason to doubt that those residents comprise a sufficiently "large class of persons" under Code of Civil Procedure section 1021.5.

### 5. Whether Private Enforcement was Necessary and a Financial Burden

The final argument in Pinto Lake's challenge to the award of attorney fees under the private attorney general statute is that the Association's participation did not meet the "necessity and financial burden" requirement of Code of Civil Procedure section 1021.5. That requirement has two parts: private enforcement must be necessary, and the financial burden of private enforcement must warrant an award of attorney fees. (*Whitley*, *supra*, 50 Cal.4th at p. 1214; *Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1348 (*Lyons*).) The first part was met here because the Association was named as a defendant and—as this court observed in its earlier opinion (*Pinto Lake I*, *supra*, 56 Cal.App.5th at pp. 1015–1017)—the county did not share its interest in preserving the

outcome of the administrative proceeding. But Pinto Lake contends that the financial burden on the Association was not sufficient to warrant subsidizing its attorneys. The trial court found that attorney fees were warranted, based in part on the limited financial means of many mobile home park residents, and as we have explained, we review such a finding for abuse of discretion.

Citing *California Licensed Foresters Assn. v. State Bd. of Forestry* (1994) 30 Cal.App.4th 562, Pinto Lake asserts that the financial status of the Association and its members is irrelevant, and the Association's "significant pecuniary interest" in the litigation precludes it from obtaining attorney fees under the private attorney general statute. Indeed, the Association's pecuniary interest in the litigation is relevant to an assessment of its relative financial burden, but the mere existence of such an interest is not disqualifying. (*Lyons*, *supra*, 136 Cal.App.4th at p. 1352.) A financially interested litigant who bears a burden disproportionate to their pecuniary interest may be awarded attorney fees notwithstanding that interest. (*Whitley*, *supra*, 50 Cal.4th at p. 1215; *Woodland Hills*, *supra*, 23 Cal.3d at p. 941.) A litigant's financial condition may be relevant to that determination as well. (*City of Oakland v. Oakland Police & Fire Retirement System* (2018) 29 Cal.App.5th 688, 704–708.)

The trial court did not abuse its discretion in determining that the financial burden requirement was met. The trial court reasonably considered the limited means of the Association and its members, and as a defendant for whom the best possible outcome was dismissal of the lawsuit, the Association had no prospect of a financial recovery that could be used to compensate its attorneys. (Cf. *Heron Bay Homeowners Assn. v. City of San Leandro* (2018) 19 Cal.App.5th 376, 388–389 [where plaintiff sought only to avoid a financial loss, trial court properly considered that as factor supporting award of attorney fees].) The record therefore supports the conclusion that the Association bore a financial burden disproportionate to its financial stake in the litigation. Further, any financial benefit relating to the previous rent adjustment proposal is potentially temporary, as Pinto

9

Lake remains free to renew its application for a special rent adjustment following dismissal of this lawsuit. Yet the Association pursued dismissal, thereby enforcing the procedural right of mobile home park residents in Santa Cruz County to participate in rent adjustment proceedings. (See *Baggett v. Gates* (1982) 32 Cal.3d 128, 143 [parties who "have secured the enforcement of basic procedural rights" that "may well not result in any pecuniary benefit" have met the financial burden requirement].) Seeing no indication in the record that the trial court acted improperly, we presume correctness and find no abuse of discretion.

### B. THE MOBILEHOME RESIDENCY LAW (CIV. CODE, § 798.85)

Alternatively, Pinto Lake challenges the award of attorney fees to the Association under the Mobilehome Residency Law. Pinto Lake argues the action did not arise out of that law, and the Association is not an entity that was the prevailing party in the action. (Civ. Code, § 798.85.) The Association has not responded to those arguments in its briefing here. Given our conclusion that attorney fees were proper under the private attorney general statute, we need not reach the issue of their propriety under the Mobilehome Residency Law.

## III. DISPOSITION

The order awarding attorney fees is affirmed. Costs are awarded to the Association by operation of California Rules of Court, rule 8.278, subdivision (a)(1).

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H050374
*Pinto Lake M.H.P. LLC v. County of Santa Cruz et al.*